# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7775 | **DATE** | January 28, 2011 |
| **CASE TITLE** | Bennie Ellison (#R-00575) vs. The Illinois Department of Illinois | | |

**DOCKET ENTRY TEXT**

Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 6/8/2010 through 12/8/2010. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition and an amended complaint form and instructions for filing, along with a copy of this order. To the extent Plaintiff submits an acceptable amended complaint in this case, his motion for a jury trial [#5] is granted. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

     Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that the Defendants violated his rights in a variety of ways, including being deliberately indifferent to a serious medical condition, utilizing excessive force, retaliating against him for filing grievances, restricting his access to the law library, and subjecting him to unconstitutional conditions of confinement. Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*.

     An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. The certification attached to Plaintiff's i.f.p. application is dated August 10, 2010, and consequently, contains stale financial information. It actually appears that the certification included in Plaintiff's i.f.p. application in this case is the same one submitted with his suit filed on September 10, 2010, *Ellison v. Illinois Department of Corrections*, (Case No. 10 C 5772) (N.D. Ill.) (Kennelly, J.)

     Additionally, for the Court to make the necessary assessment of an initial partial filing fee, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition is not properly certified by an authorized jail official because it is out-dated, and Plaintiff has failed to include copies of his prison trust fund ledgers from the past six months.

     In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 8, 2010, through December 8, 2010]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

## STATEMENT

    Plaintiff must also submit an amended complaint, as the complaint is flawed in multiple ways. The complaint names the Illinois Department of Corrections as a Defendant in the caption, which is an improper party. A suit against the Illinois Department of Corrections is a suit against the State of Illinois. Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not consented to be sued, and the immunity has been directly applied to the Illinois Department of Corrections. *Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), such suits may not be brought against the States or their agencies directly. *Id.* As Plaintiff has brought suit against the Illinois Department of Corrections, the immunity applies, and the Illinois Department of Corrections is dismissed from this action. Plaintiff should not include the Illinois Department of Corrections as a Defendant in his amended complaint.

    Additionally, Plaintiff should follow the requirements of Fed. R. Civ. P. 8(a)(2), which provides that Plaintiff's complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's narrative style renders ineffective any notice to Defendants of the claims being made against them.

    Further, it appears that Plaintiff may be alleging unrelated claims against unrelated Defendants, which is not allowed. *See George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits)" *Id.* at 607. In *George*, the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances.

    As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607.

Plaintiff's complaint contains many potential claims, including allegations of excessive force, failure to provide medical care, retaliation, and confiscation of legal materials, against apparently unrelated Defendants. Plaintiff's complaint containing multiple distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

    Additionally, it appears that several of Plaintiff's claims could not possibly have been completely exhausted, prior to filing suit, as required under 42 U.S.C. § 1997e(a). Plaintiff alleges violations as recent as November 30, 2010. It is not possible that any such alleged violation could have been fully exhausted prior to filing suit. Although exhaustion is an affirmative defense, and not a pleading requirement, "when the existence of a valid affirmative defense is so plain from the face of the complaint..., the district court judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Jones v. Bock*, 127 S.Ct. 910, 920-921 (2007). In preparing his amended complaint, Plaintiff should include only those claims that he has fully exhausted.

    Finally, it appears that the claims alleged in this complaint are substantially similar to the claims Plaintiff raised in *Ellison v. Illinois Department of Corrections*, (Case No. 10 C 5772) (N.D. Ill.) (Kennelly, J.) Plaintiff may find it more efficient to voluntarily dismiss this complaint, choose one core, fully exhausted claim, and

| STATEMENT |
|---|
| pursue it in that case. To the extent that he believes he has other unrelated claims, he should pursue them in separately filed cases.<br>   To the extent that Plaintiff chooses to submit an amended complaint, and that complaint survives initial review, Plaintiff's motion for a jury trial is granted pursuant to Fed. R. Civ. P. 38(b).<br>   In short, the Court gives plaintiff thirty days to submit a properly completed and certified i.f.p. application and to file his proposed amended complaint. As Plaintiff is an experienced litigator, and hads a history of ignoring Court orders reminding him of the requirements of Fed. R. Civ. P. 8(a), the Court will grant him this one opportunity to comply. If he does not comply with all of the requirements of this order, his case will be dismissed.<br>   The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions, along with a copy of this order. Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |